```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CHRISTOPHER BALZER,            )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:08 cv 241
                               )
AMERICAN FAMILY INSURANCE      )
COMPANY,                       )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Separate Trials and to Stay Discovery [DE 12] filed by the defendant, American Family Mutual Insurance Company, on January 5, 2009. For the following reasons, the motion is **DENIED WITHOUT PREJU-DICE.**

Background

This cause of action originates from an automobile accident on November 16, 2006, in which the plaintiff, Christopher Balzar, was injured. Balzar's vehicle collided with the vehicle driven by Richard Colburn. The insurance policy issued to Colburn by State Farm Mutual Automobile Insurance Company ("State Farm") had limits in the amount of $100,000 per person. Colburn conceded liability for causing the accident, and State Farm tendered the policy limits of $100,000 to Balzar. On May 29, 2008, American Family Mutual Insurance Company ("American Family") wrote a letter giving Balzar permission to accept State Farm's tender and further agreed to waive any subrogation rights to recover the

$5,000 it previously paid towards Balzar's medical expenses. American Family alleges Balzar never tendered it a settlement demand.  On August 5, 2008, American Family informed Balzar that he was fairly compensated by the State Farm policy and that American Family would make no further settlement offer for the underinsured motorist claim.

This dispute at hand arises out of Balzar's automobile policy for underinsured motorist coverage with American Family. Balzar alleges that his damages exceed the $100,000 policy limits which he received from State Farm.  Thus, Balzar contends his underinsured motorist policy with American Family should cover the damages he suffered in excess of $100,000.  American Family disputes the value of Balzar's damages.

Balzar filed his complaint for breach of contract, negligence, and bad faith against American Family on September 18, 2008.  Balzar alleges American Family's refusal to pay for his alleged damages constitutes a violation of the terms and conditions of the insurance policy.  Additionally, Balzar claims American Family was negligent and breached its duty of good faith and fair dealing in discharging its contractual obligations. Balzar seeks punitive damages for American Family's alleged acts of bad faith.

American Family seeks to bifurcate this matter into two separate trials and to stay discovery on the negligence and bad faith claims.  It states the facts and evidence necessary to adjudicate each claim are completely separate and distinct.

American Family claims Balzar first must prove he is entitled to damages in excess of $100,000, and only then is the contract between American Family and Balzar relevant to the extent it limits the damages Balzar is entitled to recover.  American Family argues that the bad faith claim will require Balzar to offer evidence which is not relevant to his claim for personal injuries and that allowing the jury to hear evidence regarding the bad faith claim is highly prejudicial.  Finally, American Family asserts that any discovery on the bad faith claim should be stayed be- cause it could reveal trial tactics and investigative strategies aimed at keeping Balzar's verdict below $100,000.

Balzar counters that the breach of contract, negligence, and bad faith claims are intertwined and the overlap of evidence will be substantial.  Balzar further alleges the bad faith claim is not contingent on the outcome of the breach of contract claim because Indiana law recognizes an independent cause of action for bad faith.  He also contends that American Family has failed to demonstrate any actual prejudice which it will suffer if the claims are tried together and that bifurcation does not serve the interests of judicial economy.

## Discussion

Federal Rule of Civil Procedure 42(b) states:

> The court, in furtherance of convenience or
> to avoid prejudice, or when separate trials
> will be conducive to expedition and economy,
> may order a separate trial of any claim,
> cross-claim, counterclaim, or third-party
> claim, or of any separate issue or of any
> number of claims, cross-claims, counter-
> claims, third-party claims, or issues, always

3

> preserving the right of trial by jury as
> declared by the Seventh Amendment to the
> Constitution or as given by a statute of the
> United States.

The appropriateness of bifurcating a trial under Rule 42(b) is entirely within the trial court's discretion. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Like all rules of civil procedure, this rule is applied in conjunction with Federal Rule of Civil Procedure 1, which instructs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). It first must be determined whether separate trials either would avoid prejudice to a party or promote judicial economy and then whether bifurcation would unfairly prejudice a party. Finally, a separation of trials may not violate the Seventh Amendment. *Houseman*, 171 F.3d at 1121.

The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 2007 WL 3208540 at *1 (D. Ariz. Oct. 30, 2007)(*citing Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310 (E.D.N.C. 1998). A court's order granting bifurcation may be overturned only on a showing of abuse of discretion. *Large v. Mobile Tool Intern, Inc.*, 2008 WL 110977 at *1 (N.D. Ind. 2008)(*citing Houseman*, 171 F.3d at 1121).

American Family states that the facts and evidence necessary

4

to adjudicate each claim are distinct and separate and that the issues underlying each cause of action support bifurcation. However, the court does not find these arguments compelling. The Seventh Circuit and district courts have held that in disputes concerning insurance coverage and bad faith claims, the issues often overlap and are inextricably intertwined. *See* **McLaughlin v. State Farm Mutual Automobile Ins. Co.**, 30 F.3d 861, 871 (7th Cir. 1994)(holding that "there certainly is overlap between the evidence that relates to the compensatory claim and the punitive claim"); **Williamson v. Progressive Northern Ins. Co.**, 2007 WL 2176561 at *1 (S.D. Ind. 2007)(holding that "the coverage and bad faith issues often overlap and are inextricably intertwined"); **Trinity Homes, LLC v. Regent Ins. Co.**, 2006 WL 753125 at *2 (S.D. Ind. 2006)(holding that "the overlap of evidence between the coverage issues and bad faith issues often is substantial").

As the moving party, American Family bears the burden of persuading the court that bifurcation is appropriate. American Family speculates that the jury may overlook the contractual issues and form a bias against it upon hearing the evidence of bad faith. However, mere speculation that American Family might be prejudiced by certain testimony is an inadequate basis upon which to grant a separate trial. *See* **Williamson**, 2007 WL 2176561 at *2 (holding that mere speculation "is an inadequate basis upon which the Court should grant a separate trial"); **State Farm Mutual Automobile Ins. Co. v. Gutierrez**, 866 N.E.2d 747, 750 (*citing* **Elkhart Community School v. Yoder**, 696 N.E.2d 409, 414

5

(Ind. App. 1988)(holding that "a separate trial should not be granted solely upon the moving party's speculation that it might be prejudiced").

It is common in cases against an insurance company to have the question of both punitive and compensatory damages submitted to one jury. *See* **McLaughlin**, 30 F.3d at 870 ("[T]he question of both actual and punitive damages has been submitted to the jury in one trial."); **Williamson**, 2007 WL 2176561 at *2 ("It is not uncommon for a jury to hear a case involving both punitive and compensatory damages."). "The normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." **McLaughlin**, 30 F.3d at 871. Thus, a jury may be instructed as to the differing burdens of proof, and both parties may tender instructions explaining the different burdens. In this case, substantial overlap exists between the evidence relating to the breach of contract claim and the negligence and bad faith claims. Aside from the speculation of prejudice, American Family has not offered any compelling justification for bifurcation. The court finds separate trials for each claim would not be conducive to expedition and economy, and American Family's risk of prejudice is purely speculative at this stage of the proceedings.

Moreover, the parties have failed to conduct full discovery

on the negligence and bad faith claims. American Family objects to discovery on these claims contending discovery is unnecessary because Balzar has no grounds for bringing these claims. However, this is precisely the reason discovery on these claims is essential. Without further discovery, Balzar cannot possibly determine the strength of his negligence and bad faith claims, and neither can this court. Federal Rule of Civil Procedure 26(b)(1) allows for broad discovery of any information relevant to a party's claim or defense. Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). American Family contends that discovery will reveal trial tactics and investigative strategies aimed at keeping Balzar's claim below $100,000. However, this argument is misplaced because discovery related to an attorney's trial tactics and strategies generally is protected by the work product doctrine. The work product doctrine protects "documents and tangible things" prepared in anticipation of litigation that are both non-privileged and relevant. Rule 26(b)(3). Therefore, American Family can avoid this issue by an appropriate demonstration that work product protection applies to the requested discovery.

Furthermore, only a limited amount of discovery has been conducted to date. After the parties complete discovery and have proceeded closer to trial, it may be more appropriate to

7

consider bifurcation. If discovery reveals proof of the actual prejudice American Family will suffer, the insurer is welcome to raise the issue again.

_____

For the foregoing reasons, the Motion for Separate Trials and to Stay Discovery [DE 12] filed by the defendant, American Family Mutual Insurance Company, on January 5, 2009, is **DENIED WITHOUT PREJUDICE.**

ENTERED this 2nd day of June, 2009.

s/ ANDREW P. RODOVICH
United States Magistrate Judge