UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER BALZER,                )
                                   )
          Plaintiff                )
                                   )
     v.                            )     Case No. 2:08 cv 241
                                   )
AMERICAN FAMILY INSURANCE          )
COMPANY,                           )
                                   )
          Defendant                )

OPINION AND ORDER

This matter is before the court on the Rule 35(a) Motion for Physical Examination [DE 32] and the Local Rule 6.1 Motion for Extension of Time [DE 33] filed by the defendant, American Family Insurance Company, on March 31, 2010, and the Motion to Reopen Discovery [DE 36] filed by the defendant on April 12, 2010.  For the reasons articulated below, the Rule 35(a) Motion for Physical Examination [DE 32] is **DENIED,** the Local Rule 6.1 Motion for Extension of Time [DE 33] is **GRANTED IN PART**, and the Motion to Reopen Discovery [DE 36] is **DENIED.**

Background

This case arises from a motor vehicle accident in which the plaintiff, Christopher Balzer, was injured and is suing the defendant, American Family Mutual Insurance Company, for breach of contract, negligence, and bad faith for failing to cover his damages under his policy of insurance.  The lawsuit was filed on September 18, 2008, and was removed to federal court by American Family.  Discovery and expert disclosure deadlines were set by

this court at the Rule 16 conference, with the discovery deadline set on October 30, 2009. In response to two agreed-upon stipulations, the court extended the discovery deadline to December 30, 2009, and set the plaintiff's expert disclosure deadline on February 1, 2010, and the defendant's expert disclosure deadline on March 31, 2010.

On the date that American Family's expert disclosure was due, it filed its motion for physical examination under Rule 35(a) and its motion for extension of time to file expert disclosures. American Family avers that its expert, upon review of Balzer's medical records, requires an examination in order to provide his expert disclosure.

## Discussion

"Except for the discovery cutoff, there is no time limit on when a motion for a physical or mental examination can be made." 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* §2234 (3d ed. 2010) (*citing **Miksis v. Howard**, 106 F.3d 754 (7th Cir. 1997)).

***Miksis*** is remarkably on point.[1] ***Miksis*** involved an accident in which the plaintiff was thrown from the bucket of an aerial-

---

[1] Although American Family cites *Miksis* - supporting this exact sentence from Wright & Miller - in its combined reply brief to the motion for Rule 35 exam and extension of time, it brushes by the key point concerning the cutoff of discovery and the meaning of diligence in less than a page of text. American Family then devotes the bulk of its brief arguing that the Rule 35 examination is reasonable as requested, including the reasonableness of its choice of doctor, the location of the exam, the litigation costs involved, the scope of the exam, and the necessity of a patient history. The court need not address any of these arguments because the untimeliness of the request forecloses all other issues.

lift truck while he was changing a lightbulb in a traffic light after he was struck by the defendant's truck.  The plaintiff suffered severe physical injuries, including brain injuries which affected his mental processing.  *Id.* at 757.  Although he was near paralysis immediately following the accident, Miksis' condition greatly improved over time and leading up to trial.  The district court set deadlines for discovery and expert disclosures, and the defendants requested and received two extensions of the discovery deadline.  Although the discovery deadline was set on June 30, 1995, the defendants waited until August 11, 1995, to move to take Rule 35 medical examination of the plaintiff, claiming that until they saw the plaintiff's expert disclosure, they did not realize they would need their own examination.  The Seventh Circuit found that the defendants' protestations of diligence "r[a]ng hollow," based on the knowledge "from day one that plaintiff's medical condition was an issue."  The Seventh Circuit concluded, "When they decided not to move for a medical examination prior to the discovery deadline - which they knew was prior to any required expert disclosures - they also made the decision to remain in ignorance."  *Id.* at 758-59.

This case is on all fours with ***Miksis***.  Like the defendants in ***Miksis***, American Family was on notice from the day Balzer's complaint was filed that his medical condition was an issue, and this court was generous in allowing extensions of deadlines when they were requested timely.  Like the defendants in ***Miksis***, American Family let the discovery deadline pass without request-

3

ing a Rule 35 medical examination. Additionally, American Family's protestation that Balzer's condition seems to have improved is unconvincing because it did not seek to investigate this during the time allotted.  Finally, American Family was not diligent in seeking the Rule 35 examination during the time set for discovery. *See, e.g., **Briesacher v. AMG Resources, Inc.**,* 2005 WL 2105908, *2-*3 (N.D. Ind. 2005)(discussing that a physical exam pursuant to Rule 35 is a discovery mechanism and failing to find good cause to extend the discovery deadline to allow such an exam when the defendant waited until discovery was closed before requesting the examination).

Therefore, this court **DENIES** American Family's motion for physical examination and **DENIES** as well its Motion to Reopen Discovery seeking the same ends.  Because the court assumes that American Family has not provided its expert disclosures while awaiting the court's ruling on the Rule 35 examination, the court **GRANTS IN PART** the motion requesting an extension of time to provide its expert disclosures two (2) weeks from the issuance of this order.

_____

For the aforementioned reasons, the Rule 35(a) Motion for Physical Examination [DE 32] is **DENIED**, the Local Rule 6.1 Motion for Extension of Time [DE 33] is **GRANTED IN PART,** and the Motion to Reopen Discovery [DE 36] is **DENIED.**

ENTERED this 6th day of May, 2010.

s/ ANDREW P. RODOVICH
                                United States Magistrate Judge